UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCO MENDOZA-GOMEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JASON BENNETT,<br><br>    Defendant. | Case No. 2:24-cv-00743-RSM-TLF<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Francisco Mendoza-Gomez's application to proceed in forma pauperis ("IFP") and proposed federal habeas corpus petition pursuant to 28 U.S.C. § 2241. Dkt. 1 (IFP motion), 1-1 (proposed federal habeas corpus petition). Petitioner is proceeding without representation. The petition has not been served on respondent.

It appears that the petition – on its face – is subject to dismissal. If the petition has not been exhausted, the IFP motion is premature. Court will provide petitioner the opportunity, by July 5, 2024, to show cause why the federal habeas corpus petition should not be dismissed.

## DISCUSSION

Petitioner is in custody at Stafford Creek Correction Center. Dkt. 1. As the basis for his custody, he states that he is serving a sentence imposed on May 31, 2013, after having been convicted in King County Superior Court Case No. 12-1-00422-2. Dkt. 1-1

ORDER TO SHOW CAUSE - 1

at 8. Petitioner raises one ground for review: he asserts a Fourteenth Amendment violation based on an unlawful seizure. Dkt. 1-2.

Under Rule 4 of the Rules Governing Habeas Corpus Cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas corpus petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

As an initial matter, petitioner filed this matter pursuant to 28 U.S.C. § 2241, however, as petitioner is "in custody pursuant to the judgment of a state court," the relief petitioner seeks is not available under § 2241. 28 U.S.C. § 2254(a) "[W]hen a prisoner is in custody pursuant to a state court judgment, § 2254 constitutes his only habeas remedy for any challenge to his detention, regardless of the nature of such a challenge." *Krause v. Stewart*, No. C19-1421-MJP, 2019 WL 6732015, at *2 (W.D. Wash. Sept. 13, 2019), report and recommendation adopted, No. C19-1421 MJP, 2019 WL 6728740 (W.D. Wash. Dec. 11, 2019); *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state).

Because petitioner is pro se, the Court will interpret the petition liberally and therefore, will screen his complaint pursuant to Habeas Corpus Rule 4, of the Rules Governing Section 2254 Cases in the United States District Courts.

**A. Exhaustion**

A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. §

2254(b)(1). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must have fully and fairly raised the same federal claim presented in the federal habeas corpus petition, at every level of the state courts' review. *Reutter v. Crandel*, 109 F.3d 575, 578 (9th Cir. 1997).

In this case, petitioner fails to show he has exhausted state court remedies. Petitioner states that "[t]his filing Constitutes Appeal" Dkt. 1-2 at 2, and states "[t]his is the immediate appeal for the denial to file." *Id.* at 7. In his prayer for relief petitioner also requests for this Court to remand this matter to the Burien District Court or, in the alternative, "to retain supervisory jurisdiction by entering his attempt to exercise his First Amendment right to seek review in the Burien District Court, of King County." Dkt. 1-6. If petitioner seeks to challenge his First Amendment right to access to the courts, this would not be a challenge to the fact or duration of confinement, and a civil rights action filed under 42 U.S.C. § 1983 would be the proper avenue for seeking relief. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 499 (1973) (Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement; a civil rights action, in contrast, is the proper method of challenging "conditions of . . . confinement.").

CONCLUSION

Based on the foregoing discussion, the Court finds the claims raised in this petition appear to be unexhausted, and if they are unexhausted the Court should dismiss without prejudice. The Court orders petitioner to show cause in writing on or before July 5, 2024 why the petition should not be dismissed for failure to exhaust state remedies. Accordingly, the Court instructs the Clerk to re-note the IFP application for July 5, 2024.

Dated this 17th day of June, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge