UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO MENDOZA-GOMEZ,<br><br>            Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>            Respondent. | CASE NO. 2:24-cv-0743-RSM-TLF<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

This matter comes before the Court on referral from the Ninth Circuit Court of Appeals for the limited purpose of granting or denying a certificate of appealability. *See* Dkt. #43.

On August 13, 2024, The Court adopted a Report and Recommendation finding that Petitioner had failed to respond to an order to show cause why the petition should not be dismissed for failure to exhaust. Dkt. #9. The Court dismissed this action without prejudice for failure to prosecute. *Id.* Petitioner filed an appeal. Dkt. #10. Then he filed a Rule 60(b) Motion. Dkt. #21. The Court denied Petitioner's request for a certificate of appealability. Dkt. #14. The Ninth Circuit denied Petitioner's request for a certificate of appealability, denied all pending motions, and closed the appeal. Dkt. #33. Then Petitioner filed another nearly identical Rule 60(b) Motion. Dkt. #34. The Court, via minute order, struck that filing as "duplicative, procedurally improper, and moot." Dkt. #36. Petitioner has filed several other duplicative, procedurally improper, and moot filings,

as well as another appeal. *See* Dkts. #37 through #41. Now the Ninth Circuit has remanded this case again "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." Dkt. #43.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner cannot appeal from a district court judgement unless he obtains a certificate of appealability. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000). To obtain one, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "need not show that he should prevail on the merits" but only that the issue presents a "question of some substance," that is, an issue that (1) is "debatable among jurists of reason," (2) could be "resolved in a different manner" by courts, (3) is "adequate to deserve encouragement to proceed further," or (4) is not "squarely foreclosed by statute, rule or authoritative court decision" or "lacking any factual basis in the record." *Barefoot v. Estelle*, 463 U.S. 880, 893–94 & n.4 (1984); *Slack*, 529 U.S. at 483-84.

The Court has considered the above standards and again concludes that such a certificate should not issue in this case. This appeal of a minute order, in a closed case after a previous appeal was denied, is without merit. This case was closed for the reasons stated in the Report and Recommendation, namely that petitioner was ordered to timely show cause why this case should not be dismissed for failure to exhaust and failed to do so. Petitioner's Objections failed to address the issues raised in the Order to Show Cause, or to explain Petitioner's failure to respond by the deadline. The Court found, and continues to find, that Petitioner states no valid basis for declining

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 2

to adopt the Report and Recommendation. The grounds for dismissal without prejudice are not debatable among jurists of reason and could not be resolved in a different manner.

The Court notes its understanding that future rulings on a certificate of appealability are not required in this case because any new appeal does not concern "a final order adverse to the applicant" and because the Court has already denied a certificate of appealability. The Court will continue to issue minute orders striking duplicative, procedurally improper, and/or moot motions filed by Petitioner.

Given all of the above, the Court finds and ORDERS that a certificate of appealability should not issue in this case. The Court directs the Clerk to send a copy of this Order to the Ninth Circuit Court of Appeals.

Dated this 3rd day of September, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE